Case 1:24-cv-00080   Document 49   Filed on 08/18/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN H. CARO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-080 |
| | § | |
| CITY OF BROWNSVILLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Plaintiff John H. Caro brings this lawsuit against the City of Brownsville and several officers from the Brownsville Police Department (Luis Nino, Mario Gomez, Alejandro Baez, and Larissa Alvarado (collectively, the "Officers")), alleging that Defendants applied excessive force when arresting him. Caro asserts claims under 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

Defendants move for dismissal of all of Caro's causes of action for failure to state a claim. (Motion, Doc. 44) Caro did not file a response. For the following reasons, the Court concludes that the challenged claims do not survive the motion to dismiss.

### I.    Allegations and Procedural History[1]

In May 2022, Plaintiff John Caro was in his back yard repairing furniture and listening to a radio while doing so. Police Officers Nino, Gomez, Baez, and Alvarado knocked on his front door "and proceeded to arrest him, claiming that his radio was making noise which exceeded the city's sound ordinance." (2nd Am. Compl., Doc. 34, ¶ 4) "Caro was unarmed [and] fully cooperative at all times[.]" (*Id.*) He "posed no threat or flight risk whatsoever[.]" (*Id.*)

---

[1] At the motion to dismiss stage, courts accept a plaintiff's allegations as true. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

1 / 6

During the arrest, Caro's wife told the Officers that he suffered from a heart condition. (*Id.*) The Officers ignored her "and kept tasing [ ] Caro." (*Id.*) They handcuffed him with his arms behind his back.

The Officers' conduct had an immediate and profound effect on his life, leaving him with permanent back and shoulder injuries, in persistent pain, and suffering mental and emotional anguish. (*Id.*)

The Defendants "initiated or procured a criminal prosecution against [Caro], . . . who was innocent of any criminal charge and the prosecution was terminated in [Caro's] favor." (*Id.* at ¶ 13) The Defendants "acted with malice and without probable cause in initiating the prosecution[.]" (*Id.*)

The City of Brownsville failed to train and supervise the Officers "with respect to this routine and normal investigation of a person who posed no threat or flight risk, or a threat to the general public[.]" (*Id.* at ¶ 7)

On July 3, 2025, Defendants filed their Motion to Dismiss (Doc. 44), requesting dismissal of all of Caro's causes of action. Caro filed no response to the Motion.

## II. Analysis

### A. Standard of Review

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 12(b)(6). A plaintiff satisfies the facial plausibility standard by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations in the complaint are not required to be thoroughly detailed, but must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court considers only

the allegations in the complaint and must accept them as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). If the allegations are sufficient "to raise a right to relief above the speculative level," the court will not dismiss the cause of action. *Twombly*, 550 U.S. at 555.

### B. Claims Against the Officers

Caro alleges that the four Officers, "acting in the course and scope of their employment," repeatedly tased him and then handcuffed him with his arms behind his back, causing "permanent back and shoulder injuries and [sic] persistent pain, mental and emotional anguish." (2nd Am. Compl., Doc. 34, ¶ 4)

In their Motion, the Defendants correctly argue that courts treat suits against municipal officials in their official capacities as claims against the municipality itself. *See Brown v. Strain*, 663 F.3d 245, 251 (5th Cir. 2011); *see also Hafer v. Melo*, 502 U.S. 21, 22 (1991). Thus, a claim against a municipal employee in an official capacity is duplicative of claims against the city itself, and is subject to dismissal. *See, e.g.*, *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming the dismissal of claims against individual defendants in their official capacity as duplicative). These principles apply here. Caro's claims against the Officers in their official capacity are duplicative of his claims against the City of Brownsville. As a result, those causes of action are without merit.

The Officers also invoke qualified immunity, to the extent that Caro alleges claims against them in their individual capacity. Caro alleges that the Officers acted "in the course and scope of their employment[,]" and he does not expressly allege claims against the Officers in their individual capacity. At most, he alleges that at the time of his arrest, "the law was clear that tasing and handcuffing a non-threatening, non-fleeing suspect constitutes excessive as a matter of law force[.]" (*Id.* at ¶ 6) The reference to the "clear" law at the time of arrest resembles language often utilized in the context of a qualified-immunity analysis, relevant to claims against officials in their

individual capacity. Caro's isolated reference, however, does not suffice to allege a cause of action against the Officers in their individual capacity, especially in light of his unambiguous allegation that the Officers acted in the course and scope of their employment. *See Quinn v. Guerrero*, 863 F.3d 353, 361 n.2 (5th Cir. 2017) ("[H]is claims arise from conduct occurring during the course of their official responsibilities, so we assume these officers were sued in their official capacities."). As a result, the Court construes his claims as asserted against the Officers only in their official capacity.[2]

### C. Claims Against the City of Brownsville

Caro alleges that the City violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendment, bringing a claim under Section 1983. He also makes a passing reference to the "Disability Act." (2nd Am. Compl., Doc. 34, ¶ 5) And he alleges that the City failed "to train and supervise the 4 Defendants, police officers, with respect to this routine and normal investigation of a person that posed no threat of flight risk, or a threat to the general public[.]" (*Id.* at ¶ 7)

The Court has considered the City's arguments seeking dismissal of each of these claims, and concludes that the City has demonstrated entitlement to the requested relief.

The Supreme Court has recognized municipal liability under Section 1983 where the execution of a municipal policy or custom inflicts a constitutional deprivation. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). A municipality may only be held liable when an action taken pursuant to official municipal policy or custom caused the constitutional violation. *Id.*; *see also Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Thus, to find the City liable under *Monell*, Caro must show that "(1) an official policy (2) promulgated by the

---

[2] To the extent that Caro presents a facial claim against the Officers in their individual capacity, the Officers would be entitled to qualified immunity, as Caro has not alleged facts sufficient to demonstrate that the Officers violated his constitutional rights or did so in a manner clearly established by the law at the time of Caro's arrest.

municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

As to a claim that a municipality failed to train or supervise an employee, a plaintiff must demonstrate that "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *See Edwards v. City of Balch Springs, Texas*, 70 F.4th 302, 312 (5th Cir. 2023) (internal citations omitted).

In the present matter, Caro identifies no specific City policy that allegedly caused the violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. He also fails to allege any other instances in which the City's police officers allegedly engaged in similar wrongful conduct against other individuals, so as to identify a "custom" or "pattern" that could amount to a policy.[3]  Caro's Second Amended Complaint includes only conclusory allegations, with no supporting alleged facts. Having failed to identify the requisite policy, Caro's causes of action under Section 1983 and for the alleged failure to train and supervise the Officers are subject to dismissal.

Caro's allegations also do not assert a viable claim under the ADA. He makes only a passing reference to the "Disability Act," and he does not allege that he suffers from a disability, mentioning only that his wife informed the officers that he had a heart condition. These allegations do not suffice to present a cause of action under the ADA. *See Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000) (affirming the dismissal of an ADA claim in the context of an arrest: "[W]e hold that Title II does not apply to an officer's on-the-street responses to reported disturbances or other similar incidents, whether or not those calls involve subjects with mental

---

[3] Caro alleges that the City has exhibited a "consistent track record of failing to ever discipline its police officers when they used excessive force." (2nd Am. Compl., Doc. 34, ¶ 7) This generic allegation, however, fails to provide the requisite specificity for repeated alleged incidents that could form the basis of a Section 1983 action.

disabilities, prior to the officer's securing the scene and ensuring that there is no threat to human life[.]").

Although the Court does not construe the Second Amended Complaint as presenting causes of action under Texas law, the Defendants challenge any such claims that do exist. (*See* Motion, Doc. 44) To the extent that Caro intended to allege such causes of action, the Defendants in their Motion identify deficiencies in each of those claims. The Court agrees that those grounds would defeat any state-law claims that Caro meant to allege.

### III. Conclusion

For these reasons, it is:

**ORDERED** that Defendants City of Brownsville, Luis Nino, Mario Gomez, Alejandro Baez, and Larissa Alvarado's Motion to Dismiss (Doc. 44) is **GRANTED**; and

**ORDERED** that Plaintiff John H. Caro's causes of action are **DISMISSED WITH PREJUDICE.**

Signed on August 18, 2025.

_____
Fernando Rodriguez, Jr.
United States District Judge